IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LISA K. RICHARD | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| US AIRWAYS, INC., et al | : | NO. 09-4344 |

Goldberg, J.                                                                                                                           January 26, 2011

**MEMORANDUM OPINION**

This lawsuit arose after Plaintiff was allegedly injured on a US Airways flight from San Francisco to Philadelphia. Plaintiff claims that the negligence of Defendant, Francisco Jose Burgos, caused luggage to fall on her head, resulting in her injury. Currently before the Court is Defendant Burgos's motion to dismiss, which is premised on lack of personal jurisdiction. For the reasons detailed below, I will grant Burgos's motion.

A. Background

On August 10, 2009, Plaintiff filed this personal injury action in the Court of Common Pleas, Philadelphia County, Pennsylvania. Plaintiff alleged that while aboard a flight from San Francisco to Philadelphia, she was struck in the head by carry-on luggage as a result of the negligence of the airline, Defendant, US Airways, Inc., and a passenger on the flight, Defendant, Francisco Jose Burgos ("Burgos"),[1] who is a resident of Spain. Burgos's sole reason for traveling to Philadelphia was to connect with a flight to Spain, and upon his arrival in Philadelphia, he never left the airport.

US Airways removed the case to the United States District Court for the Eastern District of

---

[1] In Plaintiff's complaint, his name appears as "Francisco Jose Burgos." He also, however, refers to himself as "Francisco Burgos Villarrubia." (Def.'s Br., Ex. A.) For the sake of simplicity, we will refer to him as Burgos.

Pennsylvania on September 23, 2009 and the case was designated for arbitration. On October 7, 2009, US Airways filed an answer and on June 24, 2010, the case proceeded to arbitration where an award was entered in favor of Plaintiff and against Burgos. Burgos did not appear for the arbitration hearing nor was he represented by counsel. On July 19, 2010, Plaintiff requested a trial de novo.

On August 4, 2010, an attorney entered an appearance on behalf of Burgos and filed a motion to dismiss for lack of personal jurisdiction. Plaintiff asserts that Burgos's prior participation in this litigation constitutes a waiver of his right to raise a jurisdictional challenge. Plaintiff further contends that, in the event we do not find waiver, we should allow her to conduct jurisdictional discovery before ruling on this motion.

B. Was Personal Jurisdiction Waived?

Personal jurisdiction is a right that may be waived. See Bel-Ray Co. v. Chemrite (Pty) Ltd., 181 F.3d 435, 443 (3d Cir. 1999). A personal jurisdiction defense may be "lost by failure to assert [it] seasonably, by formal submission in a cause, or by submission by conduct." Neirbo Co. v. Bethlehem Shipbuilders Corp., 308 U.S. 165, 167-68 (1939). Specifically, a party may consent to personal jurisdiction if he or she "actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum." In re Tex. Eastern Transmission Corp., 15 F.3d 1230, 1236 (3d Cir. 1994). The determination as to whether a party has waived personal jurisdiction must be made on a case-by-case basis. See Wyrough & Loser, Inc. v. Pelmor Labs., Inc., 376 F.2d 543, 547 (3d Cir. 1967).

Prior to his counsel entering his appearance, Burgos's only contact with this case was that

he was served the complaint,² was aware that he was being sued in Philadelphia, and sat in Spain for a remote videotape deposition. See (Def.'s Br., Ex. C, p. 6.) Burgos also received correspondence from Plaintiff's counsel and US Airways' counsel throughout the case, and in December of 2009, an attorney based in Philadelphia contacted Plaintiff's counsel on behalf of Burgos, but never entered his appearance. See (Def.'s Br., Ex. D.) Plaintiff also contends that at Burgos's request, her deposition was continued so that he could participate. However, Plaintiff does not argue or provide any evidence that suggests Burgos actually attended or participated in Plaintiff's deposition. Moreover, before his attorney entered an appearance on August 4, 2010, Burgos did not file an answer or a motion of any kind. Importantly, Burgos also did not appear for the arbitration hearing.

Considering his lack of meaningful involvement in the case, I am unable to conclude that Burgos consented to personal jurisdiction. The motion to dismiss currently before the Court is Burgos's first defensive move in this litigation. While it is clear that Burgos was aware he was being sued in Philadelphia, he did not actively litigate or defend the allegations in a manner that implied a waiver of his rights.³ Indeed, Burgos did not participate in a hearing or other "vital proceeding"

---

² Defendant does not challenge the sufficiency of service. (Def.'s Br. at 2 n.1.)

³ See Bel Ray Co., 181 F.3d at 444-43 (holding that a party waived personal jurisdiction defense, even though it was raised in answer, because they sought "affirmative relief" in a motion for summary judgment before securing a determination on personal jurisdiction); Wyrough, 376 F.2d at 547 (holding that plaintiff's participation in a "vital proceeding," namely a preliminary injunction hearing, prior to filing an answer or motion to dismiss, constituted a waiver of personal jurisdiction); Spearman v. Sterling S.S. Co., 171 F.Supp. 287, 289 (D.C.Pa. 1959) (holding defendant's filing of a notice of deposition and taking deposition, coupled with the fact that fifteen months has passed without defendant raising issue of personal jurisdiction, constituted a waiver); Verna v. Young, 1986 WL 5522 at *2 (E.D.Pa. May, 12, 1986) (finding waiver where defendant not only responded to plaintiff's requests, but actually "sought to maintain the case in arbitration and filed their motion to bring in [a] third-party defendant").

in this matter. Wyrough, 376 F.2d at 547.

In reaching this conclusion, I am mindful that Burgos's motion to dismiss comes after an arbitration proceeding and a year after Plaintiff filed her complaint in state court. Although the timing of his filing works against judicial efficiency, I cannot ignore Burgos's status as citizen of Spain, essentially acting without counsel throughout the early stages of this case, or the fact that we have not yet "consider[ed] the merits or quasimerits" of the case. Wyrough, 376 F.2d at 547 (holding court should balance countervailing policies of ensuring fairness to defendant and judicial efficiency, and noting that objections to preliminary matter, such as personal jurisdiction, should be identified "before the court considers the merits or quasimerits of a controversy").

C. Plaintiff's Request For Jurisdictional Discovery

Plaintiff has also requested that she be allowed to conduct jurisdictional discovery. To be entitled to this type of discovery, Plaintiff must present factual allegations that demonstrate such discovery is needed. See Ciolli v. Iravani, 625 F.Supp.2d 276, 292 (E.D.Pa. 2009) (finding jurisdictional discovery appropriate where plaintiff presented factual allegations that defendants had sufficient contacts with Pennsylvania to support a finding of personal jurisdiction).

In support of this request, Plaintiff contends that she should be able to question Burgos regarding the nature and extent of his previous visits to Pennsylvania, because he indicated at his deposition that he had been to Philadelphia before. Defendant responds that such discovery would be futile, since he is a resident of Spain and does not own property or do business in Pennsylvania. (Def.'s Br. at 3.) Further, at his deposition, he stated that while he has been to Philadelphia, "he never stop[s there] . . . the only place [he] go[es] to in Philadelphia is the airport." (Def.'s Br., Ex. B, p. 28.) I find that Plaintiff has not presented factual allegations that suggest additional discovery

4

would be meaningful, and deny her request for discovery.

Having determined that Burgos has not waived his jurisdictional challenge and that discovery on this issue would be futile, I next consider whether personal jurisdiction exists in this district.

D. Personal Jurisdiction

Analyzing whether a court has personal jurisdiction is a two step inquiry. Pennzoil Prod. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 200 (3d Cir. 1998). First, I must determine whether the exercise of personal jurisdiction is authorized by applicable state law. If it is, I must then determine whether the exercise of jurisdiction under the circumstances comports with the due process requirements of the United States Constitution. Id. Because the relevant Pennsylvania statute authorizes the exercise of personal jurisdiction "to the fullest extent allowed under the Constitution of the United States," 42 Pa.C.S. § 5322, our analysis centers upon the second step.

Under the due process standard, Plaintiff "bears the burden of establishing either that the cause of action arose from the defendant's forum-related activities (specific jurisdiction) or that the defendant has 'continuous and systematic' contacts with the forum state (general jurisdiction)." Mellon Bank (East) PSFS v. DiVeronica Bros., 983 F.2d 551, 554 (3d Cir. 1993). Plaintiff must "establish[] with reasonable particularity sufficient contacts between the defendant and forum state." Mellon Bank (East) PSFS v. Feronica, 960 F.2d 1217, 1223 (3d Cir. 1992).

I conclude that Plaintiff has failed to establish that this Court has specific jurisdiction in this case. The allegations in her complaint, accepted as true, do not establish Burgos has sufficient contacts to Pennsylvania. Plaintiff does not contend that Burgos's alleged acts of negligence occurred in Pennsylvania. (Compl. ¶¶ 5, 7, 10, 19) (reflecting her allegation that Defendant improperly stowed luggage in San Francisco and improperly handled the luggage during the flight).

5

She also does not allege that Burgos engaged in any forum-related activities nor does Plaintiff provide evidence that would suggest this case "arises from or relates to conduct purposefully directed at the forum state." Kehm Oil Co. v. Texaco, Inc., 537 F.3d 290, 300 (3d Cir. 2008).

I also find that Plaintiff is unable to establish general jurisdiction. Plaintiff does not allege or provide evidence that suggests that Burgos's contacts with Pennsylvania are "systematic and continuous." Pennzoil Prod. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 200 (3d Cir. 1998). Indeed, Plaintiff's complaint is silent as to Burgos's relationship to this forum. At most, the record reflects that he has previously been to Pennsylvania while awaiting transfer at the Philadelphia airport. This is clearly insufficient under the "demanding" general jurisdiction standard. Orazi v. Hilton Hotels Corp., 2010 WL 4751728 at *2 (E.D.Pa. Nov. 22, 2010).

In short, I am not prepared to hold that persons who travel to the Eastern District of Pennsylvania for the sole purpose of boarding a connecting flight subject themselves to personal jurisdiction in this district.

E. Conclusion

For the reasons set forth above, the "Motion of Defendant Francisco Jose Burgos to Dismiss Plaintiff's Complaint" (Doc. No. 23) will be granted.[4]

Our Order follow.

---

[4] We come to this conclusion having considered the January 17, 2011 correspondence of Counsel for Defendant, US Airways, Inc.